## UNITED STATES DISTRICT COURT
for the
Eastern District of New York

```
------------------------------------------------------------------X
NATIONAL LIABILITY & FIRE INSURANCE,          )   Case No.: 1:12-CV-00345 (ILG)(CLP)
COMPANY,                                       )
                                               )
                    Plaintiff,                 )
                                               )
                                               )
                                               )
M.I., Y.I., B.I., A.I., and J.I., Infants by their Mother and   )
National Guardian, SHERON ITZKOWITZ, SHERON    )   RESPONSE TO PLAINTIFF'S
ITZKOWITZ, Individually, A.C., M.C. and A.C., Infants )FIRST SET OF INTERROGATORIES
by their Mother and Natural Guardian, BLEEME   )
COMPTON and BLEEME COMPTON, Individually,      )
A.H., an Infant by his Father and Natural Guardian, )
YOSEF HERSHKOWITZ, and YOSEF HERSHKOWITZ, )
Individually, THE NEW YORK STATE THRUWAY       )
AUTHORITY CORPORATION, AMY LYNN SIMON,         )
d/b/a STONEY RIDGE TOP SOIL, AMY L.            )
SIMON-HOEY, JOHN S. HOEY, VILLAGER             )
CONSTRUCTION, INC., MAX ITZKOWITZ,             )
YOSEF D. COMPTON, and MADISON TITLE            )
AGENCY, LLC,                                   )
                                               )
                                               )
                    Defendants.                )
------------------------------------------------------------------X
```

**PLEASE TAKE NOTICE** that Defendants M.I., Y.I., B.I., A.I. AND J.I., Infants by their

Mother and Natural Guardian, SHERON ITZKOWITZ and SHERON ITZKOWITZ, Individually ("the

Itzkowitz Defendants"), by and through their attorneys, hereby respond to Plaintiff's First Set of

Interrogatories, and upon information and belief, respectfully allege:

## GENERAL RESPONSES

The Itzkowitz defendants make these responses based on informtation and belief and reserve the right to supplement same at a later date, and reserve their right to object to the admission into evidence of any information contained herein.

## INTERROGATORIES

## INTERROGATORY NO. 1

Identify all persons who have knowledge of any facts relating to the factual bases for your answers to the allegations in the Complaint.

## RESPONSE:

a.      Each of the parties to the Federal and State Court actions.

b.      The investigating police officers and responding emergency medical providers.

c.      The person or entity that sold the dump truck to John and Amy Hoey.

d.      The Hoey's daughter Jennifer Hoey.

e.      John Hoey's friend, Paul Harrington.

## INTERROGATORY NO. 2

Identify each person who has knowledge of the location of any of the documents requested by Plaintiff's accompanying Notice for Discovery and Inspection.

## RESPONSE:

See Response 1 above.

## INTERROGATORY NO. 3

Identify all non-party witnesses to the underlying incident.

**RESPONSE**

This Interrogatory improperly refers to an underlying "incident" rather than underlying incidents. This Response will instead properly refer to underlying incidents. The underlying incidents involve more than one accident due to the following facts:

a.      JOHN S. HOEY, AMY L. SIMON-HOEY and AMY LYNN SIMON d/b/a STONEY RIDGE TOP SOIL  ("the Hoey Defendants") failed to secure the dump box.

b.      The Hoey Defendants failed to install a red light that would have warned John Hoey that the dump box was not secure.

c.      The Hoey Defendants failed to install proper rear view mirrors on their truck.

d.      The Hoey Defendants delayed exiting the truck.

e.      The Hoey Defendants failed to set up emergency triangles.

f.      The Hoey Defendants delayed warning oncoming motorists as to the obstruction in the roadway.

g.      The Hoey Defendants delayed summoning emergency personnel.

h.      The Hoey Defendants failed to install and/or apply and/or failed to apply proper markings and/or reflective tape and/or devices and/or lamps in the correct areas of the dump box, which would have given warning to the Itzkowitz and Compton drivers as to the existence of the dump box on the roadway, for which failures the Hoey Defendants were cited and ticketed at the scene of the incident (and at a prior inspection in Lafayette, New York on July 20, 2008).

i.      Any other facts gleaned from future testimony from John Hoey, the drivers of the Itzkowitz and Compton vehicles, and non-party witnesses.

## INTERROGATORY NO. 4

Identify each person whom Defendants intend to call as a fact witness at trial and state detailed summary of each such person's knowledge and/or intended testimony.

## RESPONSE:

Sheron Itzkowitz: will testify as to the lack of proper reflective devices on the dump box  and time interval between the 2nd and 3rd incidents; and  John Hoey's failure to take action to prevent  collisions with the dump box.

## INTERROGATORY NO. 5

Identify and produce any photographs of the vehicles involved in the underlying incident and (i) identify the person(s) who took the photographs; (ii) identify when the photographs were taken; and identify where the photographs were taken.

## RESPONSE:

a.      Enclosed at Tab "1" [sent via mail, not via ECF] is a CD containing 56 photographs of the Itzkowitz Defendant's vehicle and the Itzkowitz Defendants which were taken by Max Itzkowitz and Sheron Itzkowitz on or shortly after the incident of April 10, 2007.

b.      Enclosed at Tab "2" [sent via mail, not via ECF] are 53 additional photographs previously exchanged in this and the state court litigation.  The Itzkowitz defendants do not know who took those photographs.

## INTERROGATORY NO. 6

Describe the factual basis for Defendants' allegation in answer to the Complaint that the underlying incident involves more than one accident.

## INTERROGATORY NO. 7

Identify the present location of the Itzkowitz vehicle, which is described in Exhibit 2 to

Plaintiff's Notice for Discovery and Inspection ("the Itzkowitz vehicle").

## RESPONSE:

The Itzkowitz vehicle is currently being stored at 243 Sylvan Road, Rochester, New York

14618.

## INTERROGATORY NO. 8

Identify all persons who have examined the Itzkowitz vehicle in connection with the underlying

incident and identify any reports prepared by such persons.

## RESPONSE:

The Itzkowitz Defendants are unaware of any persons who have examined the Itzkowitz

vehicle other than the investigating police officers.

## INTERROGATORY NO. 9

Identify the present location of the Compton vehicle, which is described in Exhibit 3 to

Plaintiff's Notice for Discovery and Inspection ("the Compton vehicle").

## RESPONSE:

This information is in possession of the Compton defendants.

## INTERROGATORY NO. 10

Identify all persons who have examined the Compton vehicle in connection with the underlying

incident and identify any reports prepared by such persons.

## RESPONSE:

This information is in possession of the Compton defendants.

## INTERROGATORY NO. 11

Describe the factual bases for your affirmative defenses, if any, in Answer to Plaintiff's

Complaint.

## RESPONSE:

a.      Regarding the First Affirmative Defense: this Court lacks subject matter jurisdiction

because there should be judicial realignment of the parties resulting in lack of diversity of the

parties as National Indemnity has taken the position that it is in unified interest with the Hoey

Defendants and therefore has refused to furnish independent counsel to the Hoey Defendants in

this action.

b.      Regarding the Second Affirmative Defense: plaintiff has failed to plead the entire stake

because the relevant insurance coverage limit is $3 million not $1 million.

c.      Regarding the Third Affirmative Defense: upon information and belief, plaintiff has

failed to fulfill its duty to defend the Hoey Defendants by failing to provide counsel to the

Hoey Defendants in this action and has failed to provide independent counsel to the Hoey

Defendants in the underlying state court actions.

d.      Regarding the Fourth Affirmative Defense: plaintiff is not entitled to a bill of peace

because there is an outstanding dispute regarding the amount of plaintiff's bodily injury

coverage limits.

e.      Regarding the Fifth Affirmative Defense: plaintiff's action fails under the equitable

theories of waiver, estoppel and laches because Plaintiff provided a defense to the Hoey

Defendants from the commencement of the underlying state court actions in August 2010

through the present without reservation.

f.     Regarding the Sixth Affirmative Defense: plaintiff's action fails under the doctrine of

unclean hands because plaintiff has failed to protect the interest of its insureds, the Hoey

Defendants, and because Plaintiff provided a defense to the Hoeys Defendants from the

commencement of the underlying state court actions in August 2010 through the present

without reservation, and has failed to provide independent counsel to the Hoey Defendants in

the underlying state court actions.

## INTERROGATORY NO. 12

Identify each person whom you intend to call as an expert witness at trial and for each person

state the person's (i) occupation, (ii) area of expertise, and (iii) qualifications.

## RESPONSE:

The Itzkowitz Defendants have not yet retained the services of an expert in this matter, and

reserve the right to supplement this response if and when an expert is retained.

## INTERROGATORY NO. 13

Identify each person who provided information to answer these interrogatories.

## RESPONSE:

Sheron Itzkowitz.

Dated: New York, New York
       August 10, 2012

Yours, etc.

By: _____

Harry Rothenberg, Esq. (HR6795)
**THE LAW FIRM OF ALLEN L. ROTHENBERG**
Attorney for Defendants
**M.I., Y.I., B.I., A.I. and J.I, Infants by their Mother and
Natural Guardian, SHERON ITZKOWITZ and
SHERON ITZKOWITZ, Individually**
450 Seventh Avenue
Eleventh Floor
New York, New York 10123
(212) 563-0100

TO:    All Counsel of Record – *(Via ECF Filing)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE, COMPANY,<br><br>                    Plaintiff,<br><br>  -against-<br><br><br>M.I., Y.I., B.I., A.I., and J.I., Infants by their Mother and National Guardian, SHERON ITZKOWITZ, SHERON ITZKOWITZ, Individually, A.C., M.C. and A.C., Infants by their Mother and Natural Guardian, BLEEME COMPTON and BLEEME COMPTON, Individually, A.H., an Infant by his Father and Natural Guardian, YOSEF HERSHKOWITZ, and YOSEF HERSHKOWITZ, Individually, THE NEW YORK STATE THRUWAY AUTHORITY CORPORATION, AMY LYNN SIMON, d/b/a STONEY RIDGE TOP SOIL, AMY L. SIMON-HOEY, JOHN S. HOEY, VILLAGER CONSTRUCTION, INC., MAX ITZKOWITZ, YOSEF D. COMPTON, and MADISON TITLE AGENCY, LLC,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Case No.: 1:12-CV-00345 (ILG)(CLP)** |

## RESPONSE TO FIRST SET OF PLAINTIFF'S INTERROGATORIES

**The Law Firm of Allen L. Rothenberg**
*Attorneys for ITZKOWITZ DEFENDANTS*
*Office and Post Office Address, Telephone*
450 Seventh Avenue
Eleventh Floor
New York, New York 10123
(212) 563-0100

"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

*Dated:*
TO:

*The Law Firm of Allen L. Rothenberg*
*Attorney for Plaintiff(s*
*450 Seventh Avenue, Eleventh Floo*
*New York, New York 1012.*
*(212) 563-010.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2012, a copy of the foregoing **RESPONSE TO PLAINTIFF'S NOTICE FOR DISCOVERY AND INSPECTION** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties:

**MELITO & ADOLFSEN P.C.**
Attorneys for Plaintiff
**National Liability & Fire Insurance Company**
233 Broadway, Suite 1010
New York, New York 10279
Attn: S. Dwight Stephens, Esq.
E-mail: sds@melitoadolfsen.com

**N.Y. STATE ATTORNEY GENERAL'S OFFICE**
Litigation Bureau
Attorneys for Defendants
**The New York State Thruway Authority Corp.**
120 Broadway, 24th Floor
New York, New York 10271-0332
Attn: Joel Graber, Esq., Special Litigation Counsel
E-mail: joel.graber@ag.ny.gov

**RUBIN FIORELLA & FRIEDMAN, LLP**
Attorneys for Defendant
**VILLAGER CONSTRUCTION, INC.**
292 Madison Avenue, 11th Floor
New York, New York 10017
Attn: Shelley R. Halber, Esq.
E-mail: shalber@rubinfiorella.com

**LEWIS JOHS AVALLONE AVILES, LLP**
Attorneys for Defendant
**MADISON TITLE AGENCY, LLC**
425 Broadhollow Road, Suite 400
Melville, New York 11747-4712
Attn: Scott Eisenberg, Esq.
E-mail: speisenberg@lewisjohs.com

**LAW OFFICE OF HERSCHEL KULEFSKY**
Attorneys for Defendants
**COMPTON & HERSHKOWITZ**
111 John Street, Suite 1230
New York, New York 10038
Attn: Gil Winokur, Esq.
E-mail: kulefsky@usa.net

**AMY LYNN SIMON d/b/a**
**STONEY RIDGE TOP SOIL**
**AMY LYNN SIMON**
**JOHN S. HOEY**
176 Nine Mile PT RD
Oswego, New York 13116

**JAMES G. BILELLO & ASSOCIATES**
Attorneys for Defendant
**MAX ITZKOWITZ**
875 Merrick Avenue
Westbury, New York 11590
Attn: John Kondulis, Esq.
E-mail: jkondulis@geico.com

**THE LAW FIRM OF ALLEN L. ROTHENBERG**

By: _____

Harry Rothenberg, Esq. (HR6795)
**Attorneys for Defendants**
**M.I., Y.I., B.I., A.I. and J.I, Infants by their Mother**
**and Natural Guardian, SHERON ITZKOWITZ and**
**SHERON ITZKOWITZ, Individually**
450 Seventh Avenue, Eleventh Floor
New York, New York 10123
(212) 563-0100
E-mail: harry@injurylawyer.com